UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RANDY L. HALL** | **CIVIL ACTION NO. 12-392-P** |
| **VERSUS** | **JUDGE WALTER** |
| **TRACY ELLERBE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Randy L. Hall ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 9, 2012. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names Sgt. Tracy Ellerbe, Sgt. Young, Cpt. D. Lee, Warden Jerry Goodwin, Cpt. Gordon, Cpt. Coleman, Sgt. Sanford, and Sgt. Sullivan as defendants.[1]

Plaintiff claims Defendants were grossly negligent and committed a breach of security and maleficence in office. He claims that on October 15, 2011, he was returning to his cell

---

[1] Plaintiff originally named Lonnie Nail and Jamie Fussel as defendants. He filed a motion to dismiss Lonnie Nail and Jamie Fussel as defendants which was granted by the court [Doc. 19].

from the shower area when Sgt. Ellerbe mistakenly opened inmate Demon Douglas's cell door instead of his. He claims Douglas exited his cell with a shank. He claims Douglas hit him several times with a closed fist and the shank. He claims he fought back in self-defense.

Plaintiff claims Sgt. Ellerbe, Sgt. Young, and Cpt. Lee watched the altercation for sometime before intervening. He claims he and Douglas were examined by the medical staff. He claims he and Douglas were written up for fighting.

Plaintiff claims that on October 25, 2011, the disciplinary board found him guilty of fighting even though he was acting in self-defense. He claims the disciplinary report failed to mention that Douglas had a shank. He claims he was sentenced to ten days isolation, 12 weeks loss of yard and recreation, and restitution. Plaintiff claims his disciplinary appeal was denied.

Plaintiff claims he still suffers from mental anguish and stress because he does not feel safe. He claims Warden Goodwin is supervisory liable for failure to properly train his officers. He claims Defendants were never punished for their breach of security.

Plaintiff claims that on February 23, 2012, Cpt. Coleman and Sgt. Sanford conducted shake-downs in the extended lock-down unit. He claims that when Sgt. Sullivan opened cell door number 1, his cell door inadvertently opened.

Plaintiff claims he suffers nightmares, cold sweats, mental anguish, distress, and misery because he does not feel safe.

As relief, Plaintiff seeks compensatory and punitive damages, costs, medical fees, declaratory and injunctive relief, his disciplinary conviction and sentence voided, a transfer,

to be released from extended lock-down, and any other relief to which he is entitled.

For the reasons that follow, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

**Failure to Protect**

The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged inmate violence is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

"It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." Farmer, 114 S.Ct. at 1977. Instead, to prevail on a claim based on a failure to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the inmate's health and safety. Id. at 1977-78. The test for deliberate indifference is a subjective one. Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that he was personally subject to an excessive risk of attack, nor does he allege prison officials were aware of any excessive risk posed him by the attacking inmate prior to the actual attack.  As such, Plaintiff has not shown that Defendants disregarded a risk to his safety by failing to take reasonable measures to abate it. Farmer, 114 S.Ct. 1970. Furthermore, Plaintiff admits that Sgt. Ellerbe mistakenly opened the inmate's cell door and that his cell door inadvertently opened when Sgt. Sullivan opened another cell door for a shake-down.  Accordingly, the actions on the part of the prison officials do not evidence an attitude of deliberate indifference.

**Inadequate Training**

Plaintiff claims Warden Jerry Goodwin failed to properly train his officers.  To the extent Plaintiff names Warden Jerry Goodwin in a supervisory capacity, it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of respondeat superior.  See, Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951,  113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v. Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990).  To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  Cronn v.  Buffington, 150 F.3d 538, 544 (5th Cir.  1998).  Plaintiff does not specifically allege that

Warden Goodwin was personally involved in the alleged violation of his constitutional rights or implemented a policy that deprived him of his constitutional rights.

Supervisory officials may be held liable only if they were personally involved in the acts causing the deprivation of the prisoner's constitutional rights, or, if there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir.1981) ( per curiam ).

Plaintiff has alleged no personal involvement on the part of Warden Jerry Goodwin and he has showed no causal connection between any act or omission by Warden Goodwin and the alleged constitutional violation. The only fault alleged is the conclusory allegation that this supervisor failed to provide adequate training to the officers. However, before Plaintiff may recover against Warden Goodwin, he must show that he was deliberately indifferent to his plight, and proof of more than one instance of improper training resulting in a constitutional violation is required before such lack of training constitutes deliberate indifference. Snyder v. Trepagnier, 142 F.3d 791, 798-99 (5th Cir.1998); Belt, 828 F.2d at 304-305. The plaintiff must demonstrate a pattern of similar violations. Snyder, 142 F.3d at 798. Finally, the inadequacy of training or supervision must be obvious and obviously likely to result in harm. Snyder v. Trepagnier, 142 F.3d at 799; Thompson v. Upshur County, TX, 245 F.3d 447, 459 (5th Cir.2001).

Plaintiff alleged neither personal fault nor any basis for supervisor liability against Warden Jerry Goodwin; therefore, his claims, with regard to this defendant, lack an arguable

basis in law and in fact and are frivolous.

Accordingly, Plaintiff's claims against Warden Jerry Goodwin should be dismissed as frivolous for failure to state a claim on which relief may be granted.

**Heck**

Plaintiff is seeking monetary damages, injunctive relief, and a declaratory judgment for an allegedly unconstitutional disciplinary board conviction and sentence. The United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. In Edwards v. Balisok, supra, the Supreme Court approved the application of the Heck doctrine to prison disciplinary proceedings.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been

called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive and declaratory relief for civil rights violations under Section 1983; therefore, he must prove that his disciplinary board conviction or sentence has been invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his disciplinary board conviction or sentence has been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

The court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in fact and law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding failure to

protect and inadequate training be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims seeking monetary compensation and injunctive and declaratory relief for his allegedly unconstitutional disciplinary board conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 5th day of November, 2014.

Mark L. Hornsby
U.S. Magistrate Judge